Case 1:16-cr-00212-LAK Document 1489 Filed 05/08/20 Page 1 of 2

**MEMORANDUM ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Indictment No. 16-CR-212 (LAK) |
| | : | |
| v. | : | **NOTICE OF MOTION** |
| | : | |
| CINTRON POWELL, | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------x

**PLEASE TAKE NOTICE** that upon the annexed Declaration of STEPHANIE M. CARVLIN, Esq., the accompanying Memorandum of Law and all prior proceedings had herein, the undersigned counsel will move this Court, the Honorable Lewis A. Kaplan, at a date and time designated by the Court, for an Order reducing Mr. Powell's sentence pursuant to 18 United States Code §3582(c)(1)(A).

Dated:   New York, New York
         May 8, 2020

                                          _____/s/_____
                                          STEPHANIE M. CARVLIN, Esq.
                                          Attorney for Defendant
                                          Cintron Powell
                                          carvlin@hotmail.com
                                          140 Broadway, Suite 4610
                                          New York, New York  10005
                                          (212) 748-1636

<u>Memorandum Endorsement</u>                                                    <u>United States v. Powell, 16-cr-0212 (LAK)</u>

      Defendant moves for compassionate release or other relief after pleading guilty to Count Four of the Indictment, and admitted to using, carrying, and possessing a gun in furtherance of the 2Fly racketeering conspiracy and serving most of the 60 month term of imprisonment imposed. He argues that he as at risk of infection with COVID-19 by reasons of the conditions of his confinement and that release would be consistent with controlling USSG policy statements, that the risk of infection is an extraordinary and compelling circumstances, and that Section 3553(a) factors support release. The government disagrees on all counts. Among the government's arguments, which defendant disputes, is that USSG § 1B1.13 is controlling here notwithstanding the subsequent enactment of the First Step Act.

      I put the dispute over the status of USSG § 1B.1.13 to one side, assuming arguendo but not deciding that the Court is not bound by it. Even on that assumption, however, the Court is not persuaded. There is no suggestion that the defendant is at any greater risk of infection than inmates in general and, even more important, that he was any medical conditions that would put him at increased risk of death in the event he were to contract the disease. He is 25 years old and thus in a relatively favorable age cohort vis-a-vis the disease. Thus, while the COVID-19 pandemic is extraordinary in many respects, this defendant's situation would not be sufficiently extraordinary to warrant compassionate release even on the assumption that the Court is not bound by USSG § 1B1.13.

      Further, in the Court's judgment, taking into account the offense of conviction and the defendant's criminal record, the Section 3553(a) factors counsel against compassionate release or any other relief for the reasons discussed by the government in paragraphs 2 and 3 of the discussion section of its letter memorandum. Dkt 1495, at 7-8.

      SO ORDERED.

Dated:      June 4, 2020

                                                                               Lewis A. Kaplan
                                                                            United States District Judge